953 F.2d 641
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edgar Allen POE, Defendant-Appellant.
 No. 91-5500.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 4, 1991.
Decided Jan. 15, 1992.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham, No. CR-90-112, Frank W. Bullock, Jr., District Judge.
 Argued: Michael W. Patrick, Haywood, Denny, Miller, Johnson, Sessoms & Patrick, Chapel Hill, N.C., for appellant; Michael Francis Joseph, Assistant United States Attorney, Greensboro, N.C., for appellee.
 On Brief: Robert H. Edmunds, Jr., United States Attorney, James John Barresi, Third Year Law Student, Greensboro, N.C., for appellee.
 M.D.N.C.
 REVERSED AND REMANDED.
 Before MURNAGHAN, Circuit Judge, ROBERT R. MERHIGE, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation, and HENRY M. HERLONG, Jr., United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 This is an appeal from judgment of sentence dated December 13, 1990. Appellant, Edgar Allen Poe, entered a guilty plea for possession of a firearm in violation of 18 U.S.C. § 922(g) on September 4, 1990. Appellant contends that the district court erred in sentencing him as a career offender. Under the United States Sentencing Commission, Guidelines Manual (hereinafter "Guidelines"), a determination of career offender status depends in part on the commission of a "crime of violence." We agree with the Appellant that his commission of the firearm violation did not rise to the level of a "crime of violence" and therefore sentencing him as a career offender was improper. We vacate the sentence imposed below and remand for resentencing.
 
 
 2
 * Appellant's arrest for possession of a firearm by a felon on October 24, 1989 occurred while he was standing on the porch of a house known to be used for the commerce of drugs. His firearm was hidden beneath his clothing. At no time did the Appellant threaten the police or the other civilians. The prior criminal record of the Appellant includes four felony convictions and numerous misdemeanor convictions.
 
 II
 
 3
 Because the parties do not dispute the facts at hand and the issue before the Court is a legal one involving interpretation of the Guidelines, the proper standard for appellate review is de novo. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989); United States v. Stokely, 881 F.2d 114, 116 (4th Cir.1989).
 
 
 4
 Section 4B1.1 of the Guidelines contains the definition of career offender. It states:
 
 
 5
 A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior convictions of either a crime of violence or a controlled substance offense.
 
 
 6
 The Guidelines also define what constitutes a "crime of violence." The relevant portion provides that a crime is violent if "the conduct set forth in the count of which the defendant was convicted involved use of explosives or, by its nature, presented a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2., comment. (n. 2).
 
 
 7
 Appellee urges the Court that possession of a firearm by a felon is per se a "crime of violence." In support of this assertion, the government relies on United States v. O'Neal, 910 F.2d 663 (9th Cir.1990), where it was held that possession of a firearm by a felon is necessarily a "crime of violence." We, however, in this regard are not in accord with the view of our colleagues on the Ninth Circuit. See United States v. Olando Johnson, --- F.2d ---- (4th Cir.1991) (where this Court held possession of a firearm by a felon is not per se a crime of violence).*
 
 
 8
 The government further argues that, even absent a per se categorization, an analysis grounded in the underlying circumstances of Appellant's conduct mandates the conclusion that the Appellant's crime was one of violence. Attention to this argument is not required because this Court has recently decided that the Guidelines prescribe the categorical method. United States v. Wilson, --- F.2d ---- (4th Cir.1991).
 
 
 9
 We conclude that the district court's determination that the Appellant committed a "crime of violence" that should lead to career offender status for sentencing purposes was improper. Accordingly, the judgment of sentence is vacated and the cause is remanded for further proceedings consistent with the foregoing.
 
 
 10
 REVERSED AND REMANDED.
 
 
 
 *
 See November 1, 1991 amendment to § 4B1.2 where Application Note 2 states unlawful possession of a firearm by a felon is not per se a crime of violence